# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA ex rel.
CHERYL TAYLOR,

        Plaintiff-Appellee/
        Cross-Appellant,

    v.

HEALTHCARE ASSOCIATES OF TEXAS
L.L.C.,

        Defendant-Appellant/
        Cross-Appellee.

No. 25-10842

## UNITED STATES OF AMERICA'S UNOPPOSED MOTION
## TO INTERVENE AS APPELLEE/CROSS-APPELLANT

The United States of America respectfully moves to intervene as of right under 28 U.S.C. § 2403(a), as appellee and cross-appellant, for the limited purpose of defending the constitutionality of the False Claims Act. The parties do not oppose this request.

1. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes civil liability for a variety of deceptive practices involving government funds and property. The Act specifies that "any person who" commits a violation "is liable to the United States Government for a civil penalty of not less than

$5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 … , plus 3 times the amount of damages which the Government sustains because of the act of that person." *Id.* § 3729(a)(1); *see Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769 (2000) (penalties are "per claim"). For violations on or before November 2, 2015, the inflation-adjusted minimum penalty is $5,500 per claim. 28 C.F.R. § 85.3(a)(9). For violations on or after November 3, 2015, the inflation-adjusted minimum penalty to be assessed as of the date of the judgment in this case is $13,946 per claim. *Id.* § 85.5(a), tbl. 1.

The Attorney General may bring a civil action under the Act. 31 U.S.C. § 3730(a). Alternatively, a private person known as a relator may bring suit, "for the person and for the United States Government," "in the name of the Government." *Id.* § 3730(b)(1). When that happens, the government can decide whether to intervene and take over the suit. *Id.* § 3730(b)(2), (3).

2. This is a qui tam action, brought by relator Cheryl Taylor, under the False Claims Act. The government declined to intervene under 31 U.S.C. § 3730 for the purpose of taking over the litigation. The case proceeded to a jury trial, and the jury rendered a verdict against defendant Healthcare Associates of Texas (HCAT).

After trial, relator moved for the entry of judgment on the jury's verdict. The district court found that sufficient evidence supported the jury's finding of 21,844 false claims and its determination of $2,753.641.86 in actual damages to the government. *United States ex rel. Taylor v. Healthcare Assocs. of Texas, LLC*, 2025 WL 624493, at *3-5 (N.D. Tex. Feb. 26, 2025). But the court accepted HCAT's argument that the statutory minimum penalty for the number of claims found to have been false—totaling $299.2 million—would violate the Excessive Fines Clause. *Id.* at *6. Rather, the court determined "that a civil penalty to actual damages ratio of 3 to 1 is the maximum allowable under the Excessive Fines clause here," and accordingly imposed "a civil penalty of $8,260,925.58, in addition to treble damages." *Id.* at *8.

HCAT then sought judgment as a matter of law, including on the ground that the qui tam provisions of the False Claims Act are inconsistent with Article II. The district court rejected that argument as "foreclosed by binding Fifth Circuit precedent." *United States ex rel. Taylor v. Healthcare Assocs. of Texas, LLC*, 2025 WL 1885642, at *6 (N.D. Tex. July 8, 2025) (citing *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 758 (5th Cir. 2001) (en banc)).

HCAT has appealed the judgment, and relator has cross-appealed.

3. Congress has provided that "[i]n any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court … shall permit the United States to intervene … for argument on the question of constitutionality." 28 U.S.C. § 2403(a). When the United States intervenes under this provision, it "shall, subject to the applicable provisions of law, have all the rights of a party." *Id.*

Section 2403(a) is applicable in qui tam actions under the False Claims Act in which the United States has declined to intervene under 31 U.S.C. § 3730, because the United States is not a party to such actions. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932-934 (2009). The United States has routinely intervened in such actions to defend the constitutionality of the False Claims Act, including against challenges under Article II, *see, e.g., United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293, 1303 (M.D. Fla. 2024), *appeals pending*, Nos. 24-13581, -13583 (11th Cir.), Order, *United States ex rel. Penelow v. Janssen Prods., L.P.*, No. 25-1818, Dkt. 55 (3d Cir. Aug. 22, 2025); and the Excessive Fines Clause, *see Grant v.*

*Zorn*, 2024 WL 4456550 (8th Cir. Oct. 9, 2024) (denying United States's petition, as intervenor, for rehearing en banc), *cert. denied*, 2025 WL 1727379 (U.S. June 23, 2025), and 2025 WL 1727394 (U.S. June 23, 2025); *Penelow*, *supra*.

4. Given the Article II and Excessive Fines Clause challenges that HCAT raised in the district court, the latter of which the district court accepted, the United States exercises its right to intervene in this appeal for the limited purpose of defending the constitutionality of the qui tam and civil-penalty provisions of the False Claims Act. The United States is intervening as appellee (in response to any Article II challenge to the qui tam provisions that HCAT may raise as appellant) and as cross-appellant (regarding the district court's decision not to impose the minimum statutorily required penalty).

5. The parties do not oppose this relief.

Respectfully submitted,

MICHAEL S. RAAB
CHARLES W. SCARBOROUGH

*/s/ Daniel Winik*
DANIEL WINIK
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7245*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 305-8849*

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 920 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik