

**Alan York**
Direct Phone:  +1 713 469 3824
Email:  ayork@reedsmith.com

Reed Smith LLP
1221 McKinney Street
Suite 2100
Houston, TX 77010
+1 713 469 3800
Fax  +1 713 469 3899
reedsmith.com

June 22, 2026

*Via ECF*

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

**Re:  *U.S. ex rel. Taylor v. Healthcare Associates of Texas*, No. 25-10842**

To the Court and Clerk of the Court:

On June 15, 2026, Appellee / Cross-Appellant Cheryl Taylor ("Relator") filed a Rule 28(j) letter citing the Supreme Court's denial of certiorari in *Eli Lilly & Co. v. Streck*, __ S.Ct. __, 2026 WL 1377189 (May 18, 2026). Relator contends that the denial evidences a lack of "interest among the Justices in striking down the False Claims Act *qui tam* provisions." Relator is wrong.

The certiorari denial in *Streck* says nothing about the merits of the constitutional challenge at issue here. Eli Lilly, the petitioner in *Streck*, never developed its constitutional argument in the Seventh Circuit, and that court accordingly never reached the merits of the argument. *See U.S ex. rel. Streck v. Eli Lilly & Co.*, 152 F.4th 816 (7th Cir. 2025). Indeed, in denying rehearing, the Seventh Circuit panel found that "Eli Lilly and Company forfeited if not waived its constitutional argument." **Exhibit A**. As a result, in opposing certiorari, the relator in *Streck* argued that the Supreme Court "is not a forum for rescuing sophisticated litigants from their own procedural blunders[.]" *Eli Lilly & Co. v. Streck*, No. 25-1126, Brief in Opposition, pp. 1-2 (Apr. 14, 2026).[1] The Supreme Court's denial thus reflects only the petitioner's failure to preserve the issue—not any view on the merits.

This case presents no such problem: the constitutional challenge to the FCA's *qui tam* device is squarely before this Court and fully briefed.

Respectfully,

/s/ Alan York

Alan York
*Counsel for Healthcare Associates of Texas*

Service: All Counsel of Record via ECF

---

[1] https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-1126.html.

# EXHIBIT A

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 21, 2025

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

Nos. 23-2134, 23-2216, 23-2958
     23-3035, 24-1352 & 24-1884

| | |
|---|---|
| UNITED STATES, *et al.*, ex. rel.,<br>RONALD J. STRECK,<br>   *Plaintiff-Appellee/Cross-Appellant,* | Appeals from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 1:14-cv-09412 |
| ELI LILLY AND COMPANY,<br>   *Defendant-Appellant/Cross-Appellee.* | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Plaintiff-appellee/cross-appellant, Ronald J. Streck, filed a petition for rehearing and for rehearing en banc on October 27, 2025. No judge in regular active service has requested a vote on the petition for rehearing en banc, and all members of the original panel have voted to deny panel rehearing.

Defendant-appellant/cross-appellee, Eli Lilly and Company, also filed a petition for rehearing and for rehearing en banc on October 27, 2025. In its petition, Eli Lilly and Company argues the qui tam provision of the False Claims Act, 31 U.S.C. § 3730, is unconstitutional. No judge in regular active service has requested a vote on the petition for rehearing en banc, and all members of the original panel, concluding Eli Lilly and

Nos. 23-2134, 23-2216, 23-2958, 23-3035, 24-1352, & 24-1884                    Page 2

Company forfeited if not waived its constitutional argument, have voted to deny panel rehearing.

It is therefore ordered that the petitions for rehearing and for rehearing en banc are DENIED*.

---

* Circuit Judge Pryor and Circuit Judge Taibleson did not participate in the consideration of this petition.